UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                     :

UNITED STATES OF AMERICA,         :

                                  :        15-CR-104 (JMF)

         -v-                   :

                                  :    <u>MEMORANDUM OPINION</u>

BERNARDO MAYA ARANGO,        :         <u>AND ORDER</u>

                           Defendant.    :

                                       :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 28, 2020, the Court received a letter from Defendant Bernardo Maya Arango, mailed no earlier than May 12, 2020, requesting a "reduc[tion] of sentence" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) so that he can be voluntarily deported to his home country of Colombia. ECF No. 13, at 1, 6. Maya Arango has served approximately ninety-three percent of a sixty-six-month sentence for conspiracy to import cocaine and conspiracy to use and carry firearms in relation to the drug trafficking offense, after adjusting for good time credit. *See* ECF No. 19, at 1; ECF No. 12, at 2. On June 2, 2020, the Court appointed counsel from the Federal Defenders to represent Maya Arango in connection with his motion for compassionate release. *See* ECF No. 14. For substantially the reasons stated in the memoranda of law submitted by appointed counsel, *see* ECF Nos. 19, 21, Maya Arango's motion is granted.

Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). The statute also imposes a mandatory

1

exhaustion requirement, *see id.* § 3582(c)(1)(A), which has been satisfied here because prison officials denied Maya Arango's request for compassionate release on April 21, 2020.  *See* ECF No. 13, at 5.  The Government argues that Maya Arango has not satisfied the exhaustion requirement because he made his request before the COVID-19 pandemic, and therefore the Bureau of Prisons ("BOP") "has not had the opportunity to consider [the] claims for compassionate release now presented to the Court."  ECF No. 20, at 3.  But all of the relevant facts were known to the BOP when his request was denied on April 21st: Maya Arango's original request was based upon his medical condition, *see id.* ("Maya Arango argued for early release solely based on his contention that he is 'medically debilitated.'"); the risk posed by COVID-19 was well-known when Maya Arango's request was denied, *see United States v. Nkanga*, No. 18-CR-713 (JMF), — F. Supp. 3d —, 2020 WL 1529535, at *2 (S.D.N.Y. Mar. 31, 2020) (noting that, in light of the COVID-19 pandemic, the defendant was "plainly in grave danger" while in jail); and the Attorney General of the United States had instructed the BOP to consider granting "discretionary release" to inmates vulnerable to COVID-19.  *See* Memorandum from Att'y Gen. William Barr to Dir. of the Bureau of Prisons, at 2 (Mar. 26, 2020), *available at* https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.  The Court "will assume that the BOP did what it was ordered to do."  *United States v. Resnick*, — F. Supp. 3d —, 14-CR-810 (CM), 2020 WL 1651508, at *6 (S.D.N.Y. Apr. 2, 2020).  If it did not, its failure is not Maya Arango's.

On the merits, Maya Arango satisfies all of the requirements for compassionate release. First, as numerous courts have concluded, the threat of COVID-19 to those in prison constitutes an extraordinary and compelling reason for compassionate release.  *See, e.g.*, *United States v. Pena*, No. 15-CR-551 (AJN), 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020).

2

Next, release is consistent with the Section 3553(a) factors and applicable policy statements.  In 2018, Maya Arango was sentenced to sixty-six months in prison after he pleaded guilty to one count of conspiracy to import cocaine into the United States and one count of conspiracy to use and carry firearms in relation to and in furtherance of a drug trafficking offense.  *See* ECF No. 12.  At sentencing, the Court noted that Maya Arango's "conduct over the last four decades" had been "quite bad" and that he had been "a very significant figure in the drug trafficking trade," Sentencing Tr. 24, but observed also that he was "genuine[ly] remorse[ful]" and had made an effort "to change his path in life," *id.* at 26.  And, even then, the Court recognized that Maya Arango's "health [was] . . . a valid mitigating consideration."  *Id.* at 27.  At the time, the Court's sentence was sufficient, but no greater than necessary, to achieve the purposes of sentencing.

The balance weighs differently in the current circumstances.  Importantly, "[d]ue to the COVID-19 pandemic, the 'history and characteristics of the defendant' and the 'need . . . to provide the defendant with needed . . . medical care,' § 3553(a), now weigh heavily in favor of [Maya Arango's] release, given the health risk that continued incarceration poses to him."  *Pena*, 2020 WL 2301199, at *4.  Maya Arango is sixty-five years old — as the Government concedes, a "risk factor for COVID-19," ECF No. 20, at 8 — and suffers from spinal stenosis, anemia, prediabetes, hyperlipidemia, and other ailments.  *See* ECF No. 19, at 2.  Two years ago, the Court recognized that "the time [Maya Arango] spends and has spent in prison [was] likely to take its toll more than it would on another person."  Sentencing Tr. 27.  That risk has grown substantially since then, and it is magnified by the prevalence of COVID-19 at Federal Medical Center Devens, the facility at which Maya Arango is currently housed.  *See* Federal Bureau of Prisons, COVID-19 (last accessed June 26, 2020), https://bop.gov/coronavirus (reporting that

twenty prisoners and one staff member are actively infected).  The need for general deterrence has also been addressed by Maya Arango's substantial time served (not to mention the several months served with the grave risk of illness posed by COVID-19 to those in prison).  Finally, even the Government concedes that Maya Arango "does not appear to be a danger to the community" and that he has "made positive strides since" he first encountered law enforcement.  ECF No. 20, at 8.  Taken together, the relevant considerations warrant compassionate release.

Accordingly, Maya Arango's motion is GRANTED.  More specifically, the Court orders that:

(1)    Maya Arango's sentence of incarceration in these cases is reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A);

(2)    Maya Arango is ordered released from Bureau of Prisons custody, effective immediately;

(3)    The Government shall arrange for Maya Arango to be transferred to federal immigration custody following his release, if appropriate; and

(4)    If Maya Arango is not transferred to federal immigration custody for voluntary deportation to Colombia, then upon his release, Maya Arango shall serve five years of supervised release, subject to the conditions of supervised release set forth in the judgment dated July 18, 2018, *see* ECF No. 12, as well as an additional condition that Maya Arango must possess or have access to a telephone that will allow him to video-conference with the Probation Department.

The Government shall immediately notify the Bureau of Prisons of this Order.

The Clerk of Court is directed to terminate ECF Nos. 13, 19, and 21.

SO ORDERED.

Dated: June 26, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge